1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| GP Global APAC Pte. Ltd. | * | |
| and | * | **IN ADMIRALTY** |
| GP Global ARA BV, | * | |
| Plaintiffs, | * | Civil Action No. |
| v. | * | |
| M/V AMIS INTEGRITY, (IMO No. 9732412), its engines, tackle and apparel, | * | |
| | * | |
| Defendant *in rem*. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**VERIFIED COMPLAINT *IN REM* FOR
WARRANT OF ARREST UNDER**

**VERIFIED COMPLAINT WITH REQUEST
FOR ISSUE OF WARRANT FOR VESSEL ARREST**

- Page **1** of **12**

## SUPPLEMENTAL ADMIRALTY AND MARITIME RULE C

Plaintiffs GP Global APAC Pte. Ltd. and GP Global ARA BV (collectively "GP Global") bring this Verified Complaint against defendant M/V AMIS INTEGRITY (IMO No. 9732412), *in rem* ("Vessel") and plead and allege as follows:

## JURISDICTION AND VENUE

1. This is an admiralty and maritime claim within the meaning of Fed. R. Civ. P. 9(h) as it involves claims for enforcement of a maritime lien and for unjust enrichment.

2. This action also falls within this Court's admiralty and maritime jurisdiction under 28 U.S.C. § 1333, 46 U.S.C. § 31342, and Rule C of the Supplemental Rules of Certain Admiralty and Maritime Claims ("Supplemental Rule[s]") for arrest of the Vessel.

3. On information and belief, the Vessel will be or is present in navigable waters within the jurisdiction of this Court during the pendency of this action, and therefore, venue is proper pursuant to 28 U.S.C. § 1391(b).

**VERIFIED COMPLAINT WITH REQUEST**
**FOR ISSUE OF WARRANT FOR VESSEL ARREST**

## **PARTIES**

4. GP Global APAC Pte. Ltd. is a Singapore company, and GP Global ARA BV is a Netherlands company, both of which are bunker traders providing bunkers ( marine fuel) to ocean going vessels, including to the Vessel.

5. Defendant Vessel is a Panamanian flag vessel.

## **FACTS**

6. This is an action in admiralty, in rem, to enforce a maritime lien for necessaries on the Vessel. This lien arises from plaintiffs' provision of necessaries to the Vessel pursuant to 46 U.S.C. § 31342.

7. On the order of head charterer of the Vessel, Dry Bulk Singapore, plaintiff GP Global ARA BV on March 7, 2019 provided $50,419.66 of bunkers to the Vessel at Cape Town, South Africa, with an agreed payment due date of April 8, 2019.

8. Then, on June 1, 2019, plaintiff GP Global APAC Pte. Ltd., also on the order of head charterer of the Vessel, Dry Bulk Singapore, provided the Vessel with $228,601.08 of bunkers at Singapore, with an agreed payment due date of July 1, 2019.

**VERIFIED COMPLAINT WITH REQUEST
FOR ISSUE OF WARRANT FOR VESSEL ARREST**

- Page **3** of **12**

9. The sales agreements between GP Global and Dry Bulk Singapore each provided that each sale is subject to GP Global's General Terms and Conditions of sale, for each plaintiff stating in pertinent part as follows:

> 8.2    Title in the Bunker Fuel shall remain with the Seller until the Buyer has paid for the Bunker Fuel in full. Until that time, the Buyer shall hold the Bunker Fuel as bailee, store it in such a way that it can be identified as the Seller's property and keep it separate from Buyer's own property and the property of any other person . . . .
>
> \* \* \*
>
> 9.4 Credit granted to the Seller shall at all times be subject to the following terms:
>
> (i) Credit . . . will only be granted on the basis that it is secured by a maritime lien on the Vessel in accordance with Clause 9.9
>
> \* \* \*
>
> 9.9 The Buyer accept that Bunker Fuel are delivered under this Bunker Contract are on credit of the Buyer as well as the credit of the Vessel, and it is agreed and Buyer warrants that, in addition to any rights against the Buyer, the Seller will have and may assert a maritime lien against the Vessel for the amount of the purchase price of such Bunker Fuel together with all other applicable charges payable under this Bunker Contract.
>
> \* \* \*

**VERIFIED COMPLAINT WITH REQUEST**
**FOR ISSUE OF WARRANT FOR VESSEL ARREST**

- Page **4** of **12**

       9.11 Should the Bunker Fuel be purchased by an intermediary such as a manager, broker, trader or agent then such manager, broker, trader or agent shall (in addition to the Buyer) be bound by and liable for all obligations as fully and completely as if they were themselves the Buyer whether such principal be disclosed or undisclosed and whether or not such manager, broker, trader or agent purports to contract as manager, broker, trader or agent only. Furthermore, delivery shall always take place for the account of the registered owners and for the account of the current charterers all of whom shall, together with any intermediary, remain jointly and severally liable for the payment of the delivery as Buyer until payment has been received by the Seller in full. The Buyer warrants that it is authorized as agent to order the Bunker Fuel for delivery to the Vessel, and that the Seller has a lien on the Vessel for its claim. The Buyer agrees to keep all persons covered in Clause 2(g) informed of the warranty given by the Buyer pursuant to these presents.

                                       \*   \*   \*

       19.3 The General Maritime Law of the United States shall always apply with respect to the existence of a maritime lien, regardless of the country in which Seller takes legal action. Seller shall be entitled to assert its rights of lien or attachment or other rights, whether in law, in equity or otherwise, in any jurisdiction where the Vessel may be found.

    10.    Plaintiffs invoiced Buyer/ head charterer of the Vessel, Dry Bulk Singapore for each of the provisions, however, despite repeated demand, plaintiffs have not been paid for the bunker provisions to the Vessel.

**VERIFIED COMPLAINT WITH REQUEST**
**FOR ISSUE OF WARRANT FOR VESSEL ARREST**
                                                                 - Page **5** of **12**

11. During all relevant times set forth herein, head charterer Dry Bulk Singapore was both in lawful possession and a lawful operator of the Vessel and the Vessel was in navigation.

12. GP Global relied on the good faith and credit of the Vessel when contracting for the sale of marine fuel to the Vessel and its provision to the Vessel.

13. 46 U.S.C. §§ 31341-31343 and §31301(4) provide for maritime liens for "necessaries," a term that legally means "any item which is reasonably needed for the venture in which the ship is engaged," including those that "enable her to perform her particular function." *Foss Launch Tug Co. v. Char Ching Shipping, USA*, 808 F.2d 697, 699 (9th Cir. 1987). Bunkers (marine fuel) is a necessary as it is reasonably needed to propel the Vessel through the water.

14. Dry Bulk Singapore, as head charterer of the Vessel, had actual authority and/or presumed authority to procure necessaries for the Vessel. To that end, GP Global contracted with an officer or agent appointed by Dry Bulk Singapore to handle the Vessel's fuel needs. *See* 46 U.S.C. § 31341(a)(4)(B) (presumed authority).

**VERIFIED COMPLAINT WITH REQUEST**
**FOR ISSUE OF WARRANT FOR VESSEL ARREST**

15. United States law controls the bunker provision to the Vessel and GP Global through that holds United States law-based maritime liens in rem against the Vessel for the full amount of its provision, interest and related costs and fees. *Trans-Tec Asia v. M/V HARMONY CONTAINER*, 518 F.3d 1120 (9th Cir.), *cert. denied*, 129 S. Ct. 628, 172 L. Ed. 2d 639 (2008).

16. Further, after GP Global provided the bunkers to the Vessel, the Vessel's Chief Engineer and/ or an authorized Vessel officer personally signed the Bunker Delivery Noteon behalf of the Vessel and its owners.  GP Global has fully paid the physical supplier and all others in the chain of title for the Bunkers.

17. Based on 46 U.S.C. § 31341, 46 U.S.C. § 31342, and Supplemental Rule C, GP Global has a maritime lien on the vessel because it provided necessaries to the Vessel under a marine fuel contract with head charterer Dry Bulk Singapore, the Vessel's  lawful possessor and operator at the time of the GP Global bunkers provision. Moreover, these necessaries were accepted on the order of the chief engineer, a Vessel officer, appointed by the Vessel's owner.   Payment for the bunkers which GP Global provided, a recognized maritime necessary, remains outstanding.

**VERIFIED COMPLAINT WITH REQUEST FOR ISSUE OF WARRANT FOR VESSEL ARREST**

## COUNT II – UNJUST ENRICHMENT

18. Plaintiffs reallege and incorporate the foregoing paragraphs.

19. GP Global provided and paid for goods and services that were accepted by and benefited Defendant Vessel, and which remained and remain the property of GP Global. The bunkers were and are necessary to the Vessel's operations. The Vessel benefited from and was enriched by the provision of the bunkers, including but not limited to, the fact that the bunkers fuel enabled the Vessel to continue to operate, to receive cargo, and to earn freights.

20. Despite this benefit provided to the Vessel, GP Global was not paid. The Vessel therefore was unjustly enriched.

## COUNT III – TRESPASS AND/OR CONVERSION

21. Plaintiffs reallege and incorporate the foregoing paragraphs.

22. GP Global retained title to the bunkers provided to the Vessel, however, the Vessel consumed the bunkers and never paid for them, interfering with GP Global's ownership rights.

23. The Vessel therefore further is liable to GP Global for trespass and/ or conversion for the value of the bunkers.

**VERIFIED COMPLAINT WITH REQUEST**
**FOR ISSUE OF WARRANT FOR VESSEL ARREST**

## PRAYER FOR RELIEF

WHEREFORE, GP Global prays for relief against the in rem defendant Vessel as follows:

1. That this Court enter judgment in rem against the Vessel, including without limitations all of its engines, machinery, tools, boats, anchors, chains, tackle, fittings, navigation equipment, and all other equipment and appurtenances appertaining or belonging to the Vessel, whether on board or not, and order that GP Global's claims of:

For GP Global ARA BV, in the principal amount of **$50,419.66**,

For GP Global APAC Pte. Ltd., in the principal amount of **$228,601.08**, plus pre-judgment interest, postjudgment interest, contractual fees, and attorney fees and costs thereon as allowed by the parties contract and by law;

2. The Clerk of this Court issue a warrant for arrest of the Vessel, commanding the United States Marshal for this District to arrest and take into custody the Defendant Vessel and detain the same in his custody or that of a substitute custodian until further order of this Court;

**VERIFIED COMPLAINT WITH REQUEST
FOR ISSUE OF WARRANT FOR VESSEL ARREST**

- Page **9** of **12**

3. The Court find that GP Global holds valid maritime liens against the Vessel and its engines, appurtenances, furnishings, machinery, and equipment as provided by 46 U.S.C. § 31342, and by federal law construing the statute;

4. The Court hold that at the sale of the Vessel GP Global may credit bid without cash deposit the amount due and owing up to the full amount thereof;

5. The Court award GP Global its attorney fees, costs, and other expenses incurred in connection with this proceeding, including without limitations, all costs incurred in *custodia legis* as may be established at trial or otherwise awarded; and

/

[Continued on Next Page]

/

**VERIFIED COMPLAINT WITH REQUEST**
**FOR ISSUE OF WARRANT FOR VESSEL ARREST**
- Page **10** of **12**

6.  The Court grant such other legal and equitable relief as this Court deems just and proper.

DATED this 22nd day of January, 2020.

**HOLMES WEDDLE & BARCOTT**

| /s/ John E. Casperson | /s/ J. Stephen Simms |
|---|---|
| John E. Casperson, WSBA No. 14292 | J. Stephen Simms (pro hac vice pending) |
| Eric Siebert, WSBA No. 49994 | Simms Showers LLP |
| 999 Third Avenue, Suite 2600 | 201 International Circle, Suite 250 |
| Seattle, WA 98104-4011 | Baltimore, Maryland 21030 |
| Ph: 206- 292-8008 | Ph: 410-783-5795 |
| Fax: 206-340-0289 | Fax 410-510-1789 |
| Email: esiebert@hwb-law.com | jssimms@simmsshowers.com |
| jcasperson@hwb-law.com | |

Plaintiffs' GP Global Counsel

**VERIFICATION**

I am a principal of Simms Showers LLP, counsel to plaintiffs GP Global. No officer of GP Global is present in this District to make this declaration, which GP Global has authorized me to make on their behalf based on facts including documents received from GP Global. The facts alleged in the foregoing complaint

**VERIFIED COMPLAINT WITH REQUEST FOR ISSUE OF WARRANT FOR VESSEL ARREST**

- Page **11** of **12**

are true and correct to the best of my knowledge and information based upon the records of GP Global.

Pursuant to 28 U.S.C. § 1746(1), I certify under penalty of perjury that the foregoing is true and correct.

Executed on January 22, 2020.

/s/ J. Stephen Simms
J. Stephen Simms

**VERIFIED COMPLAINT WITH REQUEST**
**FOR ISSUE OF WARRANT FOR VESSEL ARREST**
- Page **2** of **12**